IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Crystal N. Greenwald | : | |
| 740 Dog Leg Road | | |
| Heath, Ohio 43056 | : | |
| | | |
| Plaintiff, | : | |
| | | |
| vs. | : | Case No. 2:23-cv-4100 |
| | | |
| United States of America | : | |
| Attorney General of the United States | | |
| U.S. Department of Justice | : | |
| 950 Pennsylvania Avenue, NW | | |
| Washington, DC 20530-0001 | : | |
| | | |
| Defendant. | | |

## COMPLAINT

1. This is a suit arising under the Internal Revenue Code of 1986, as amended (26 U.S.C. §§1 *et seq.*[1]) for the recovery of Federal income taxes paid by Plaintiff, Crystal N. Greenwald (hereinafter "Plaintiff" or "Ms. Greenwald"), for calendar year 2020.

### Jurisdiction and Venue

2. The Court has jurisdiction to hear this matter in accordance with 28 U.S.C. §1346(a)(1).

3. Venue is appropriate in the United States District Court of the Southern District of Ohio under 28 U.S.C. §1402(a)(1).

---

[1] All references herein to the Internal Revenue Code are to the Internal Revenue Code as in effect during 2018.

1

## Parties

4. Ms. Greenwald is a natural person and a citizen of the United States who presently resides at 740 Dog Leg Road, Heath, Ohio 43056.

5. The Defendant is the United States of America.

## Underlying Facts

6. Ms. Greenwald is an unmarried woman, and the mother of two minor, unmarried daughters, K.M.S. (DOB 12/29/2014), and S.J.S. (DOB 01/26/2014).

7. For the 2020 taxable year, S.J.S. and K.M.S. shared the "same principal place of abode" with and were fully supported by Ms. Greenwald at 284 Quail Creek Drive, Apt. A, Newark, Ohio 43055.

8. Any absences from the home, including the children's removal by the Licking County Child Protective Services in August 2020, were only temporary absences because the Taxpayer thought, and it was reasonable to assume SJS and KMS would return home to the Taxpayer. *See*, *Rowe v. Comm'r*, 128 T.C. 13, 18 (2007).

9. At all times relevant to this matter, Ms. Greenwald, and her two daughters, were, and are natural persons and citizens of the United States and had valid social security numbers.

10. Further, at all times relevant to this matter, Ms. Greenwald's household lived at or below the federal poverty level, which for a household of three in 2020

was a household yearly income of $21,720 or less[2]. Ms. Greenwald's yearly gross income for 2020 was $11,332.

## COUNT I

11. Plaintiff timely filed her 2020 Form 1040, federal income tax return ("2020 Return") with the IRS Processing Center in Ogden, Utah. The full name and address of Plaintiff and the last four digits of her social security number as it appeared on such return, were as follows:

>     Crystal N. Greenwald
>     284 Quail Creek Drive, Apt. A
>     Newark, Ohio 43055
>     xxx-xx-9442

12. On her "2020 Return", Plaintiff:

    a. Used "head-of-household" filing status, pursuant to 26 U.S.C. §2(b).

    b. Reported $11,322 in earned income.

    c. Reported income tax liability of $0.

    d. Claimed both S.J.S., and K.M.S. as a "dependent" and a "qualifying child" pursuant to 26 U.S.C. §§152(c).

    e. Claimed a $5,920 earned income credit, pursuant to 26 U.S.C. §32.

    f. Claimed a $2,050 additional child tax credit, pursuant to 26 U.S.C. §§24(a) and (d).

    g. Claimed a credit of $226 for the Federal tax withheld from her Form W-2.

---

[2] https://aspe.hhs.gov/sites/default/files/migrated_legacy_files/194391/2020-percentage-poverty-tool.pdf

13. Based on the foregoing, Plaintiff's "2020 Return" claimed a refund of $8,196. Of the refund amount claimed, Plaintiff only received $226, representing the federal income tax withholding reported on the return.

14. After the filing of Plaintiff's "2020 Return", the Internal Revenue Service (IRS) examined her return.

15. In December 2021, the IRS closed the audit of Plaintiff's "2020 Return". The IRS accepted the income and federal income tax withholding reported by Plaintiff on her return but disallowed the "head-of-household" filing status and removed the earned income tax credit, the child tax credit, and the additional child tax credit.

16. In June 2022, Plaintiff filed a refund claim using Form 1040 X ("Refund Claim"). On her "Refund Claim," Plaintiff:

    a. Used "head-of-household" filing status, pursuant to 26 U.S.C. §2(b).

    b. Reported $11,322 in earned income.

    c. Reported income tax liability of $0.

    d. Claimed both S.J.S., and K.M.S. as a "dependent" and a "qualifying child" pursuant to 26 U.S.C. §§152(c).

    e. Claimed a $5,920 earned income credit, pursuant to 26 U.S.C. §32.

    f. Claimed a $2,050 additional child tax credit, pursuant to 26 U.S.C. §§24(a) and (d).

17. Based on the foregoing, Plaintiff's "Refund Claim" claimed a refund of $8,196. However, since Plaintiff received a refund of her wage withholding, the refund due to the taxpayer was $7,970.

18. On April 18, 2023, the IRS issued Letter 105C to Plaintiff notifying her that her "Refund Claim", seeking a refund of $7,970, was disallowed in full. A copy of the notice of disallowance is attached as Exhibit A.

19. As summarized in the succeeding paragraphs, Plaintiff is entitled to the $7,970 refund claimed on her "Refund Claim". Ms. Greenwald satisfied the statutory requirements to claim a credit for her federal income tax withholding of $226, the "head-of-household" filing status, earned income credit in the amount of $5,920, and the additional child tax credit in the amount of $2,050.

20. Plaintiff properly claimed her two minor daughters for the earned income credit. Plaintiff was an "eligible individual" as defined in 26 U.S.C. §32(c)(1)(A)(i), and each child was her "qualifying child", as defined in 26 U.S.C. §§32(c)(3)(A) and 152(c).

21. Also, Plaintiff properly claimed her two minor daughters for the additional child tax credits. Each child was her "qualifying child," as defined in 26 U.S.C. §§24(c)(1) and 152(c).

22. Plaintiff may bring this suit under 26 U.S.C. §7422(a), pursuant to 26 U.S.C. §6532(a)(1) because the IRS issued the notice of disallowance less than two years before the filing of this Complaint.

23. Plaintiff has complied with the requirements set forth in 26 U.S.C. §§7491(a)(2)(A) and (B). Accordingly, if Plaintiff introduces credible evidence with respect to any factual issue relevant to ascertaining her income tax liability for the 2020 taxable year, the United States shall have the burden of proof with respect to such issue.

24. Additionally, Plaintiff submitted a qualified offer, pursuant to 26 U.S.C. §7430(g), to the Service on May 24, 2023. The qualified offer proposed an overpayment of $7,970 to resolve the taxpayer's claim. To date, there has been no response by Respondent.

## JURY DEMAND

25. Plaintiff requests for a jury on all issues triable by a jury.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in the amount of $7,970, plus applicable statutory interest, as claimed on her "Refund Claim", or such greater amount as she may be entitled to, together with costs and interest allowed by law, and for such other relief as the Court may deem appropriate. In addition, Plaintiff prays for reasonable administrative and litigation costs, including attorney fees, under 26 U.S.C. §7430(a).

Dated: December 13, 2023

D. Luke Meenach (0096286)
Southeastern Ohio Legal Services
1108 City Park Avenue, Suite 200
Columbus, Ohio 43206
P: 614-737-0145
F: 614-221-7625
E: lmeenach@seols.org
Lead Counsel for Plaintiff

6

        Michael P. Edwards (0083162)
        The Legal Aid Society of Columbus
        1108 City Park Avenue, Suite 100
        Columbus, Ohio 43206
        P: 614-737-0118
        F: 614-221-7625
        E: medwards@columbuslegalaid.org
        Counsel for Plaintiff

        Kathy L. Hoover (0096290)
        The Legal Aid Society of Columbus
        1108 City Park Avenue, Suite 100
        Columbus, Ohio 43206
        P: 614-737-0119
        F: 614-221-7625
        E: khoover@columbuslegalaid.org
        Counsel for Plaintiff