UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CRYSTAL N. GREENWALD,**

    **Plaintiff,**

v.                                         Civil Action 2:23-cv-4100
                                                                 Magistrate Judge Chelsey M. Vascura

**UNITED STATES OF AMERICA,**

    **Defendant.**

**ORDER**

Plaintiff, Crystal N. Greenwald, sues the United States of America under 28 U.S.C. § 1346(a) to recover federal income taxes that were allegedly erroneously or illegally assessed. This matter is before the Court on the motion of non-party Licking County Job and Family Services ("LCJFS") to quash a subpoena issued by Plaintiff. (ECF No. 15.) For the reasons below, LCJFS's Motion to Quash is **DENIED**.

Plaintiff's claims arise out of federal income taxes that were allegedly erroneously or illegally assessed for the tax year 2020, based on the Internal Revenue Service's disallowance of Plaintiff's earned income tax credit, child tax credit, additional child tax credit, and filing status as "head-of-household." (Compl. ¶¶ 15, 18, ECF No. 1.) To obtain documents relevant to the dates that Plaintiff's minor children S.J.S. and K.M.S lived with her in 2020, and to her assertion that any absences by the children from Plaintiff's home were only temporary, Plaintiff served a subpoena on LCJFS on June 17, 2024, seeking "[t]he entire case file for Case No. C2020-0267 or any other material concerning the Plaintiff or her minor children." (Subpoena, ECF No. 15-1.)

LCJFS did not respond to the subpoena and instead filed the subject Motion to Quash, contending that the records sought by the subpoena are confidential under Ohio Revised Code §§ 2151.421(I)(1), 5153.17. (ECF No. 15.) In the alternative, LCJFS requests that the Court inspect the requested documents *in camera* to determine their admissibility in this action. (*Id.*)

Ohio Revised Code § 5153.17 provides that records of investigations of families and children shall be kept confidential, but that inspection may be had by anyone obtaining the written permission of the executive director of a public children services agency. Ohio Rev. Code § 5153.17(A), (B)(1). Section 2151.421(I) similarly provides that reports of child abuse or neglect are confidential. But these state confidentiality statutes are of limited relevance in this federal case concerning a federal question. *See Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 712 (6th Cir. 2006) ("Where, as here, the underlying claim is based on federal law, federal common law determines the extent of the privilege.") (citing Fed. R. Evid. 501); *Crochran v. Columbus Bd. of Educ.*, No. 2:15-CV-632, 2016 WL 1670886, at *4 (S.D. Ohio Apr. 27, 2016) (declining to apply §§ 2151.421, 5153.17, to motion to quash subpoena by county child services board in case asserting violations of several federal statutes), *objections overruled*, 2016 WL 5957677 (S.D. Ohio Oct. 14, 2016); *Smith v. Sw. Licking Sch. Dist. Bd. of Educ.*, No. 209CV778, 2010 WL 3910487, at *3 (S.D. Ohio Oct. 1, 2010) (declining to apply a similar confidentiality statute to school board records in a federal question case). As LCJFS offers no other grounds for resisting the subpoena, the Motion to Quash lacks merit.

And even if this Court were to apply Ohio's standards for disclosure of records under these statutes, the Court would still decline to quash the subpoena. Confidentiality under these statutes is not absolute. *See State ex rel. Renfro v. Cuyahoga Cnty. Dept. of Human Services*, 54 Ohio St.3d 25, 29 (1990). A party has a right to inspect confidential records where "(1) the

records or reports are relevant to the pending action; (2) good cause for such a request has been established by the person seeking disclosure; and (3) where admission of the records or reports outweigh the confidentiality considerations set forth in R.C. 5153.17 and R.C. 2151.421(H)(1)." *Johnson v. Johnson*, 134 Ohio App.3d 579, 585 (3rd Dist.1999); *see also Wiley v. Summit Cty. Child. Servs.*, 2007 WL 936566, at *3 (Ohio Ct. App. 2007) (inspection of records otherwise protected by § 5153.17 may be obtained by one demonstrating "good cause," meaning "when it is in the best interests of the child or when the due process rights of other subjects of the record are implicated") (citing *Swartzentruber v. Orrville Grace Brethren Church*, 163 Ohio App.3d 96, 100 (2005)). Here, the requested records are relevant to Plaintiff's claims of entitlement to various tax benefits. Plaintiff's children would also benefit financially from the tax refund should Plaintiff succeed in this action, making disclosure in the best interests of the children, and Plaintiff has a due process right to test the validity of the taxes assessed against her. Finally, Plaintiff asserts that the records will remain confidential after production, such that there is no need to weigh production of the records against confidentiality considerations. As to this last point, the Court encourages Plaintiff and LCJFS to enter into an agreed protective order such that Plaintiff would be prohibited from using the records outside of this litigation.

Finally, an *in camera* inspection is unnecessary. LCJFS has not identified any particular documents or categories of documents that are irrelevant, would create an undue burden, or would implicate any other grounds for non-disclosure under Federal Rule of Civil Procedure 45. There are therefore no grounds to conduct an *in camera* inspection at this point. However, the Court will grant LCJFS additional time to notify Plaintiff of any objections to the subpoena under Federal Rule of Civil Procedure 45. If, after meeting and conferring via simultaneous means (such as telephone or video conference), Plaintiff and LCJFS reach impasse as to any

remaining disputes, Plaintiff or LCJFS may request an informal conference with the undersigned to resolve those disputes by emailing Vascura_Chambers@ohsd.uscourts.gov. Neither Plaintiff nor LCJFS may file another motion related to the subpoena without first requesting an informal conference with the Court.

In sum, LCJFS's Motion to Quash (ECF No. 15) is **DENIED**. LCJFS is **ORDERED** to produce documents in compliance with the subpoena, or to notify Plaintiff of any further objections to the subpoena, **WITHIN FOURTEEN DAYS** of the date of this Order.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE